CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 126569)
Chief, Criminal Division

JEAN FUNDAKOWSKI (CABN 236255)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7014
    FAX: (415) 436-7234
    Email: jean.fundakowski@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>DIEGO HERNANDEZ,<br><br>    Defendant. | Case Nos.<br>3:25-CR-00197-001 JSC (2025 Indictment)<br>3:22-CR-00402 (Supervised Release Violation)<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Hearing Date: February 4, 2026<br>Hearing Time: 10:00 a.m.<br>Courtroom:   Hon. Jacqueline S. Corley |

## I. INTRODUCTION

Defendant Diego Hernandez stands before the Court following his guilty plea to the single Count of the captioned Indictment charging him with being a felon of possession of a firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(1). The defendant has also admitted to violating the terms of his supervised release from a 2022 case in which he was sentenced to 36 months' imprisonment for possession with intent to distribute methamphetamine, in violation of Title 21, United States Code, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

In accordance with the parties' joint sentencing recommendation in the Rule 11(c)(1)(C) Plea Agreement, the government respectfully recommends that the Court sentence the defendant to a period

of 36 months' imprisonment for the felon in possession charge in Case No. 25-CR-0019, to be followed by 3 years of supervised release. The government also recommends that the Court sentence the defendant to 8 months' imprisonment for the supervised release violation in Case No. 22-CR-00402, to run concurrently with the sentence imposed in the new case. The government has no objections to the Presentence Report ("PSR").[1]

I.   **DEFENDANT'S OFFENSE CONDUCT AND CRIMINAL HISTORY**

   A.   **Offense Conduct**

On February 12, 2025, the defendant began a 3-year term of supervised release in Case No. 22-CR-00402. Dkt. 31 at 5. Approximately three months later, the defendant became the prime suspect in an armed robbery in San Francisco that occurred on May 14, 2025, in broad daylight. PSR ¶ 6. San Francisco Police Department Crime Gun Investigations Center ("CGIC") officers recovered witness video and photographs of the armed robbery, which showed a masked man standing in the street and carrying a black pistol reach into the open window of a car stopped in traffic and wrestle with the driver in an apparent attempt to take a necklace from the victim. *Id*. The video showed that the perpetrator fled the scene with an unidentified woman by getting into an Audi with license plates 6WYB985 and driving away. *Id*.

On May 21, 2025, CGIC officers investigating the incident located the Audi parked on the 900 block of the SOMA neighborhood in San Francisco and set up surveillance nearby. PSR ¶ 7. They observed a man, later identified as the defendant, who was wearing a similar jacket and had the same build as the masked armed robbery suspect in the witness videos, open the Audi driver door. *Id*. The defendant was prohibited by a special condition of supervised release imposed by the Court in his 2022 case from being in San Francisco at the time.

When a CGIC officer approached the defendant and verbally identified himself as law

---

[1] The government does not share the defendant's objection to Paragraph 28 of the PSR, which notes the defendant's association with the Norteño street gang. There is no evidence in this case relating to the defendant's gang association at the time of the underlying offense and gang association was not a factor in the prosecution or the plea offer, nonetheless the United States concurs with Probation's response that even if the defendant is no longer a member, any gang association may be relevant for classification and designation within the Bureau of Prisons.

enforcement, the defendant turned and ran before any further words could be exchanged. ¶ 8. Officers then pursued the defendant through multiple lanes of northbound traffic on 9th Street. ¶ 9. As the defendant was fleeing from law enforcement, he dropped the cell phone in his right hand and grabbed his waistband. *Id.* Officers saw a firearm fall from his waistband and slide into the street. Id. The defendant was apprehended and placed under arrest. *Id.*

A search incident to arrest was conducted. Officers recovered the firearm from the street and found a high-capacity magazine in the defendant's purple backpack. ¶ 10. The magazine was loaded with 18 rounds of .40 caliber Smith and Wesson Fiocchi cartridges. *Id.*

The gun the defendant dropped was a .40 caliber Springfield Armory Model XD-40 subcompact semi-automatic pistol bearing serial number XD568708. ¶ 11. It was loaded with 8 rounds of ammunition, plus 1 round in the chamber. *Id.* SFPD Criminalistics Laboratory examined the gun on May 28, 2025, and determined that it was functional. *Id.* A records check showed that the gun was reported stolen by the Los Angeles County Sheriff's Department in 2015. *Id.*

### B. Criminal History

The defendant is 23 years old and has a substantial criminal history, which began at age 17. Most recently, he pleaded guilty to possession with intent to distribute methamphetamine in this Court and was sentenced to 36 months' imprisonment in July 2023. ¶ 31. Before that, he obtained a state felony conviction in San Francisco Superior Court on July 19, 2021, for carrying a concealed weapon, a violation of Cal. Pen. Code § 25400(a)(2) and was sentenced to 104 days in jail and 2 years of probation. ¶ 30. Following that conviction, he was terminated from a court-ordered program, the Youth Adult Court. *Id*. As a juvenile, he was convicted on October 2, 2019, of grand theft from a person, a felony violation of Cal. Pen. Code § 487(c) and was sentenced to 18 months' probation. ¶ 29.

## II. PROCEDURAL HISTORY

### A. 2023 Conviction

On April 12, 2023, the defendant pleaded guilty to Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). Case No. 22-CR-402 JSC, Dkt. 21-22. In the Plea Agreement for that case, the defendant admitted that on May 19, 2022, he was in the

1  Mission neighborhood of San Francisco carrying a backpack that he knew contained a semi-automatic
2  pistol and 49 grams of methamphetamine that he intended to distribute.  In order to evade law
3  enforcement, he left the backpack and pistol inside a bar.

4  On July 19, 2023, the Court sentenced the defendant to 36 months in custody, to be followed by
5  three years of supervised release.  Dkt. 23.  The Court imposed a special condition of supervised release,
6  Special Condition No. 10, which ordered Mr. Hernandez to "stay out of the city of San Francisco unless
7  otherwise approved by probation for the purposes of court, medical, and legal visits."

### B. 2025 Indictment and Supervised Release Violation

9  On May 30, 2025, the Court approved a petition from the U.S. Probation Office for a warrant
10 against the defendant for violation of supervised release.  Dkt. 31.  The warrant contained three charges:
11 (1) that on May 21, 2025, the defendant possessed a stolen firearm, in violation of the standard condition
12 that he not commit another federal, state or local crime while on supervised release; (2) that on May 21,
13 2025, the defendant possessed a gun and ammunition on May 21, 2025, in violation of the mandatory
14 condition that he not own, possess, or have access to a firearm or ammunition while on supervised
15 release; and (3) that on May 21, 2025, the defendant violated Special Condition 10, that he stay away
16 from the City of San Francisco without prior approval from, Probation.  *Id.*

17 On July 15, 2025, a grand jury returned an indictment against the defendant for being a felon in
18 possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  Case No. 25-CR-197
19 JSC, Dkt. 1.

20 On November 19, 2025, the defendant pleaded guilty to being a felon in possession of a firearm
21 and ammunition in violation of 18 U.S.C. § 922(g)(1).  Dkt. 17-18.  He also admitted to Charge One of
22 the related Supervised Release Violation petition.  *Id*.  The Rule 11(c)(1)(C) Plea Agreement before the
23 Court encompasses the new indictment (Case No. 25-CR-197 JSC) and the supervised release violation
24 (Case No. 22-CR-402 JSC).

### III. SENTENCING GUIDELINES CALCULATIONS

27 The Guidelines calculation for the § 922(g) offense in the PSR is consistent with the calculation
28 agreed to by both parties in the Plea Agreement.

UNITED STATES' SENTENCING MEMORANDUM   4
3:25-CR-00197-001 JSC

The government agrees with Probation's calculations that the Sentencing Guidelines for the felon in possession charge result in an adjusted offense level of 19, as shown below:

|   |   |   |
|---|---|---|
| a. | Base Offense Level, U.S.S.G. § 2K2.1(a)(4)(B): offense involved a semiautomatic firearm capable of Accepting a large capacity magazine | 20 |
| b. | *Special Offense Characteristic*: possession of any firearm that was stolen, U.S.S.G. § 2K2.1(b)(4)(A) | +2 |
| c. | Acceptance of Responsibility: | -3 |
| d. | **Adjusted Offense Level:** | **19** |

The government also agrees with Probation that the defendant's Criminal History Category, at the time of the underlying offense on May 21, 2025, was III. This is based on assessing 3 points for the defendant's prior federal conviction in Case No. 22-CR-402 and 2 points for his 2021 state conviction for carrying a concealed weapon, for a total of 5 criminal history points.

Based on an Adjusted Offense Level of 19 and a Criminal History Category of III, the resulting Guidelines range is therefore 37-46 months.

## IV.    RECOMMENDED SENTENCE AND SECTION 3553(A) FACTORS

### A.    Legal Standard

The Court should impose a sentence sufficient, but not greater than necessary, to reflect the purposes of sentencing set forth by Congress in 18 U.S.C. § 3553(a)(2). *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The Court should begin the process of determining an appropriate sentence by calculating the correct sentencing range under the Sentencing Guidelines. *See id*. After determining the appropriate Guidelines calculation, the Court should then evaluate the sentence for substantive reasonableness in light of the factors set out in Section 3553(a). *See id*. at 991-93.

In arriving at the appropriate sentence, and in accordance with 18 U.S.C. § 3553(a), the Court should consider these factors applicable to the case, among others:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(3) the need for the sentence imposed to afford adequate deterrence to criminal conduct;

(4) the need to avoid unwanted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

**B.     Probation's Recommendation**

Probation concurs with the parties that the defendant should be sentenced to a term of 36 months' imprisonment, to be followed by 3 years of supervised release. As the Form 12 petition indicates, the Guidelines range for the supervised release violation is 8-14 months, with a statutory maximum of 24 months. Case No. 22-CR-402 JSC, Dkt. 31 at 5.

**C.     Government's Recommended Sentence and 3553(a) Factors**

Based upon consideration of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the government respectfully recommends that the court impose the parties' joint sentencing recommendation in this case: that the defendant should be sentenced on the Section 922(g) offense to a term of 36 months' imprisonment, 3 years of supervised release, a $100 special assessment, and forfeiture; and that the defendant should also be sentenced to a term of 8 months' imprisonment for the supervised release violation, which should run concurrently to the Section 922(g) sentence.

**1.     The Nature and Circumstances of the Offense Make a Sentence of 36 Months' Imprisonment Sufficient But Not Greater than Necessary.**

The nature and circumstances of the offense here make a sentence of 36 months— one month below the low end of the 37–46-month Guidelines range—appropriate.

The defendant's conduct is serious and warrants a substantial period of imprisonment. The defendant is only 23 years old, but this is his third felony conviction involving a firearm. It is especially concerning that he committed this latest crime while under supervised release and in direct violation of an order from this Court to stay out of San Francisco. The circumstances that led to his arrest indicate he was involved in ongoing criminal activity at the time of his arrest, again in San Francisco. Furthermore, by running into traffic on a busy city street to escape apprehension and forcing multiple

SFPD officers to chase after him, he put himself, law enforcement, and drivers and pedestrians in the area at risk.  The fact that the defendant was carrying a gun with a chambered round increases the danger of an accident and implies that he needed quick access to that weapon and was ready to use it.  If, as the defendant says, he has not used methamphetamines or any drugs since February 2025, then his actions in May 2025 were not tied to drug-seeking behavior.  PSR ¶¶ 62-65.

At the same time, there are mitigating factors that warrant a sentence at the lower end of the Guidelines range.  The defendant has accepted responsibility for his actions in this case and has expressed a desire in Court and in his pretrial services interview to earn his GED, start a family, and lead a more productive life.  *Id.* ¶ 71.  The government has also taken into consideration the defendant's young age, his difficult upbringing, the early loss of his mother and uncle, and the lack of long term supportive or transitional housing when he was released following his sentence in his first federal felony case in February 2025.  *See generally id.* ¶¶ 48-61.

### 2. The Joint Sentencing Recommendation Provides Adequate Deterrence and Comports with Sentences Imposed in Similar Cases on Similarly Situated Defendants.

A sentence of 36 months serves to achieve specific deterrence.  The prior 36-month sentence did not deter the defendant from committing another crime soon after his release; another significant prison sentence is necessary to protect the public by preventing additional crime.  If the Court imposes the joint sentencing recommendation, the defendant would be 26 years old by the time of his release and will have spent most of the past five years of his life in prison.  The government hopes that the new 36 months sentence will deter the defendant from future crimes upon his release.

Finally, the joint sentencing recommendation avoids unwanted sentencing disparities between defendants with similar criminal histories who have been adjudicated guilty of similar offenses.  As the PSR notes, the average length of imprisonment for the 964 defendants sentenced in the past five fiscal years under U.S.S.G. § 2K2.1 with a final offense level of 19 and a Criminal History Category of III who did not receive a § 5K1.1 substantial assistance departure was 36 months, and the medium length was 37 months.  ¶¶ 98-101.  The recommended sentence here is consistent with national sentencing trends.

## V. CONCLUSION

Consistent with the plea agreement, in full consideration of the goals of sentencing, and for the reasons stated herein, the government respectfully recommends that the Court sentence Diego Hernandez to a term of imprisonment of 36 months, a special assessment in the amount of $100, and forfeiture. The government also respectfully requests that the Court sentence Diego Hernandez to 8 months' imprisonment for the supervised release violation, to run concurrently with the sentence in Case No. 25-CR-197 JSC for being a felon in possession of a firearm and ammunition.

DATED: January 28, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

JEAN PUNDAKOWSKI
Assistant United States Attorney